UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH BRENT GREGORY,                           No. C-12-967 EMC (pr)

        Petitioner,

    v.                                                              **ORDER TO SHOW CAUSE**

G. LEWIS, Warden,

        Respondent.
_____/

## I.   INTRODUCTION

Joseph Brent Gregory, an inmate at Pelican Bay State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.   BACKGROUND

Gregory alleges that he is serving a sentence of 4 years in prison on a second degree robbery conviction that occurred before 2010. In this action, he challenges the execution of his sentence. He contends that the forfeiture of some of his good behavior credits pursuant to California Penal Code § 2933.6, as amended effective January 25, 2010, violated his right to be free of ex post facto laws. He appears to contend that the application of the amended version of Section 2933.6 to him resulted in his release date being extended from March 20, 2012 until August 5, 2012.

Gregory alleges that he filed petitions for writ of habeas corpus in the California courts raising the same issues as raised in this petition. The California Supreme Court denied his petition on November 16, 2011. Gregory then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In his petition, Gregory contends that the forfeiture of some of his good behavior credits pursuant to California Penal Code § 2933.6, as amended effective January 25, 2010, violated his right to be free of ex post facto laws. The petition suggests that the credits would not have been forfeited under the version of § 2933.6 in effect at the time he committed his crime. The Ex Post Facto Clause, U.S. Const., Art. I, § 10, cl. 1, forbids the states from statutorily cancelling time credits and making ineligible for early release any prisoner who was previously eligible. *See Lynce v. Mathis*, 519 U.S. 433, 446-49 (1997) (retroactive cancellation of prison credits had impermissible effect of lengthening period of incarceration in violation of Ex Post Facto Clause). Liberally construed, the petition states a cognizable claim for a violation of the Ex Post Facto Clause.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **April 30, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a

copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. *Respondent should not expect any extensions of this deadline due to the time-sensitive nature of petitioner's claims.*

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **May 31, 2012**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

7. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2, # 4.)

IT IS SO ORDERED.

Dated: April 6, 2012

_____
EDWARD M. CHEN
United States District Judge

3